PADOVANO, J.
This is an appeal from a final order of the Florida Commission on Human Relations directing the employer to offer the claimant a position he was denied as a result of employment discrimination and awarding the claimant back pay and other employee benefits. We conclude that the claimant is no longer entitled to the position he sought and that the Commission made two errors in computing the amount of the back pay award: (1) back pay should have ceased when the employer made an unconditional offer of similar employment and (2) the claimant’s overtime earnings should have been deducted from the total back pay award. We reverse on these points and remand for recalculation of the back pay award.
The employer, Champion International Corporation, operates a paper manufacturing facility in Cantonment, Florida. In May 1988, Champion announced that it had two openings for process engineers in its Quality Support Department. The claimant, Ronnie Wideman, applied for one of the positions. Wideman is a black male who had worked in the Cantonment facility as a paper tester. He had earned bachelor’s and master’s degrees in business and had worked for Champion since 1976. Eight other people also applied for the positions.
Upon completion of the interviews, Champion announced that the positions would be filled by Charles Bradford, a white male, and Katherine Dyess, a white female. Wideman filed a charge of employment discrimination which was eventually referred to an administrative law judge. Champion received a notice of the formal hearing but did not appear. Based on Wideman’s unrefuted testimony, the administrative law judge found that Champion had discriminated against him because of his race. The Commission adopted the judge’s recommended order and, in 1992, entered an order directing Champion to offer Wideman the next available process engineer position or its substantial equivalent. The Commission reserved jurisdiction over the amount of back pay, benefits, attorney’s fees, and other monetary relief.
Wideman filed another employment discrimination charge in 1995, alleging that Champion had not promoted him to a process engineer or a similar position as required by the Commission’s order. While this charge was pending, Champion offered Wideman a process engineer position at Grade Level 12 with a starting salary of $47,200 and with benefits commensurate with the position. This offer was communicated to Wideman in a letter dated February 27, 1996, which stated that the offer was being made “unconditionally.” In the letter, Champion also indicated that the offer was made to “finally resolve [the] matter.” Wideman rejected the offer.
The case was referred to an administrative law judge who conducted a formal hearing on the renewed employment discrimination charge. On February 28, 1997, the judge entered an order in which she recommended (1) that Wideman be offered a position as a process engineer at Grade Level 14; (2) that he be awarded back pay; (3) that his back pay not be offset by the overtime wages he had earned as an hourly employee during the back pay period; (4) that he be awarded the pension benefits which he would have had if he had been promoted to the position in 1988; (5) that he be awarded his attorneys’ fees and costs; and (6) that he be awarded interest before and after the judgment. The Commission adopted this recommended order on May 8, 1998, modifying only the rate of interest.
Champion argues that back pay should have been terminated at the point when it unconditionally offered Wideman a process engineer position. We agree. In Ford Motor Co. v. EEOC, 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982), the Supreme Court held that an employer *562 charged with discrimination in hiring under Title VII of the Civil Rights Act can toll .the continuing accrual of back pay liability by unconditionally offering the claimant the job previously denied. The Court explained:
An unemployed or underemployed claimant, like all other Title VII claimants, is subject to the statutory duty to minimize damages set out in § 706(g). This duty, rooted in an ancient principle of law, requires the claimant to use reasonable diligence in finding other suitable employment. Although the unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position, he forfeits his right to backpay if he refuses a job substantially equivalent to the one he was denied. Consequently, an employer charged with unlawful discrimination often can toll the accrual of backpay liability by unconditionally offering the claimant the job he sought, and thereby providing him with an opportunity to minimize damages.
Ford Motor Co., 458 U.S. at 231-232, 102 S.Ct. at 3065-3066.
The duty to minimize damages does not require the claimant to settle the Title VII action against the employer, and thus, the claimant’s acceptance of the position offered cannot be conditioned on a relinquishment of all claims against the employer. See Ford Motor Co. 458 U.S. at 232, n. 18, 102 S.Ct. 3057. By accepting the position offered and thereby minimizing damages, the claimant can still seek full compensation, including back pay accrued prior to the effective date of the offer, retroactive seniority, and compensation for any losses the claimant suffered as a result of a reduction in seniority before the court’s judgment. Id., 458 U.S. at 232, 102 S.Ct. 3057.
Wideman contends that he was justified in rejecting Champion’s offer because it was not unconditional. He argues that the language, “to finally resolve this matter,” in Champion’s letter expresses an intent to settle all aspects of the employment discrimination claim and not merely the back pay award. However, the letter as a whole refutes this argument. Nothing in. the letter suggests that Wideman was required to relinquish all of his claims to accept the offer of employment. Moreover, the letter states that the offer is being made according to the Supreme Court’s decision in Ford Motor Co., which shows that Champion understood the offer would not preclude Wideman from pursuing his claims for back pay and other employee benefits.
Likewise, we reject Wideman’s argument that he was justified in rejecting Champion’s offer because it was not an offer for an identical position. The position offered must be substantially equivalent to the position sought, see Ford Motor Co.; Kilgo v. Bowman Transp., Inc., 789 F.2d 859 (11th Cir.1986); Cowen v. Standard Brands, Inc., 572 F.Supp. 1576 (S.D.Ala.1983), which means that it must afford virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status. See Weaver v. Casa Gallardo, Inc., 922 F.2d 1515 (11th Cir.1991). In our view, Champion’s. offer meets this test. The position Wideman was offered in 1996 was that of a process engineer, the same position he sought in 1988. Even though the company had been reorganized twice, the job duties of a process engineer remained the same. The position offered was a salaried position like the one Wideman was denied. The benefits available also were the same, as were the promotional opportunities. Based on these facts, we conclude that the position Champion offered Wideman was virtually identical to the one he was denied.
The consequence of Wideman’s rejection of the offer is that he is no longer entitled to the position, and his right to back pay is terminated as of the date of the offer. Thus, we conclude that the Commission erred in directing Champion to offer Wide- *563 man the position of a process engineer, and in continuing the back pay award beyond the date of Champion’s offer. Wide-man is entitled to back pay, including the incremental pay increases he would have earned through promotions or otherwise, until February 27, 1996, the date of the offer.
Champion also contends that Wideman’s overtime wages should have been considered a part of his interim earnings and offset his back pay award. We agree with Champion on this point, as well. In civil rights cases such as this one, interim earnings are deducted from a back pay award. See Darnell v. City of Jasper, 780 F.2d 653 (11th Cir.1984); Brown v. A.J. Gerrard Mfg. Co., 695 F.2d 1290 (11th Cir.1983). Because overtime is considered to be part of the employee’s interim earnings, it must be deducted from the award of back pay.
The only precedent cited by either party that deals directly with the issue is Reilly v. Cisneros, 835 F.Supp. 96,103 (W.D.N.Y.1993), which states that “[t]he interim earnings at the SBA shall include any amounts [the employee] earned for working overtime. Section 706(g) states that interim earnings are deducted from a back pay award. It does not distinguish between standard pay and overtime pay.” This case supports Champion’s argument that the Commission erred in excluding Wideman’s overtime wages from his interim earnings.
Analogous cases dealing with supplemental earnings from moonlighting jobs also support Champion’s argument. In Bing v. Roadway Express, Inc., 485 F.2d 441, 454 (5th Cir.1973), the court held if the moonlighting job is one the claimant cannot perform in the position he was denied, the earnings from the moonlighting job are interim earnings which must be deducted from the back pay award. See also Chesser v. Illinois, 895 F.2d 330, 338 (7th Cir.1990) (holding that ‘“[i]nterim earnings’ includes the earnings from jobs that could not have been worked had no discrimination occurred”). If the claimant can hold both the moonlighting job and the position the claimant was denied, then the earnings from the moonlighting job are not interim earnings and they are not deducted from the back pay award. See Bing; Lilly v. City of Beckley, 615 F.Supp. 137 (S.D.W.Va.1985). Because the position Wideman sought was a salaried rather then an hourly position, he could not have made overtime in that position. Therefore, his overtime wages were interim earnings which should have been deducted from the back pay award.[1]
For these reasons, we reverse the part of the Commission’s order that requires Champion to offer Wideman the position of process engineer, and remand the case for recalculation of the back pay award. Wideman is entitled to back pay, including any pay increases he would have earned by promotion or otherwise, to February 27, 1996. Because the back pay will be recalculated on remand, we also direct that it be calculated on a quarterly basis under the procedure outlined in Darnell v. City of Jasper. In all other respects, the final order is affirmed.
Affirmed in part and reversed in part.
BARFIELD, C.J., and VAN NORTWICK, J., CONCUR.

. We have applied federal decisions interpreting Title VII of the Civil Rights Act of 1964 in reaching this conclusion, because the Florida Civil Rights Act, Chapter 760, Florida Statutes is patterned after Title VII. See Department of Community Affairs v. Bryant, 586 So.2d 1205 (Fla. 1st DCA 1991). In other contexts, it may be inappropriate to deduct overtime pay from a back pay award. For example, overtime from an interim job is not deducted from a back pay award in a National Labor Relations Act case unless the claimant worked overtime in the position from which he or she was discharged. See Nordstrom v. NLRB, 984 F.2d 479 (D.C.Cir.1993).